**Sam SEXTON, III and Sexton Law Firm, P.A., Plaintiffs,**

v.

**PRE–PAID LEGAL SERVICES, INC., Defendant.**

**Civ. No. 87–2224.**

United States District Court, W.D. Arkansas, Fort Smith Division.

April 27, 1989.

**1274**

Joseph C. Self, Sexton Law Firm, Fort Smith, Ark., for plaintiffs.

Bill V. Wilkinson, Tulsa, Okl., James A. Arnold, Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

In this case, plaintiff complained that defendant breached a contract with plaintiff's assignor to pay reasonable attorneys' fees for legal work performed and that, moreover, when defendant promised to do so, it did not intend to keep that promise. The jury found for plaintiff on both counts and imposed punitive damages on the defendant on the fraud count. Defendant now moves, *inter alia*, to set aside the punitive damage award. For the reasons that follow, the motion will be granted.

### I.

The court is quite clear, despite defendant's animadversions to the contrary, that the jury's finding of fraud is amply supported by the record. Nevertheless, the court is satisfied that the award of punitive damages must be set aside because there is no evidence in the record from which a reasonable mind could conclude that such damages were recoverable under the standards contained in the court's instructions. The court, in instructing the jury, followed the suggestion in the comments to *Arkansas Model Jury Instructions—Civil* 2217 [Revised] (1974) [hereinafter AMI] that a portion of AMI 2217 was appropriate for "use in an intentional tort case." The relevant portion states that, in order to recover punitive damages for an intentional tort, plaintiff must prove that defendant "intentionally pursued a course of conduct for the purpose of causing damage." Under this standard, the jury would have to believe that the defendant's motive was to cause damage; and, in the ordinary course, this would require some proof of a motive on the part of the defendant to injure the plaintiff or, at least, a class to which plaintiff belonged. It seems rather clear that the jury so understood the instruction, for, after beginning its deliberations, it asked the court for a clarification as to whether a purpose to cause damage had to be the defendant's sole purpose or intention before punitive damages were recoverable. In response to this query, the court gave the following amended instruction:

> Although causing damage need not be the sole purpose, it must be a purpose but for which the conduct would not have been pursued. In other words, if you find that one of the purposes that the defendant had for pursuing the conduct was to cause damage, but it would have pursued that conduct anyway without that purpose, then punitive damages are not recoverable.

The difficulty in this case is that there was no evidence produced in it from which a reasonable person could conclude that the fraud, if any, of the defendant was committed for any other purpose than making money. There was not the slightest suggestion that the defendant had any *animus* against the plaintiff, or a class to which the plaintiff belonged, that would have furnished a motive for it to damage the plaintiff. In other words, to put the matter most starkly, if defendant defrauded the plaintiff it was in order to enrich itself not to impoverish someone else. It follows that the punitive damage award must be set aside.

### II.

Ordinarily, no further discussion of the matter would be required, but the court feels compelled to offer some additional comments about the law of punitive dam-

ages in Arkansas. The court believes that the instructions that it gave the jury did not correctly state the standard for the award of punitive damages in fraud cases, and that to the extent that the comments to AMI 2217 explicitly or implicitly state that this is the correct standard in all intentional tort cases, it does not correctly state the law.

That is because in Arkansas, as in many other jurisdictions, a simple finding of fraud will, by itself, support an award of punitive damages. *See, e.g., Moore Ford Co. v. Smith,* 270 Ark. 340, 347, 604 S.W.2d 943 (1980); *Petrus Chrysler–Plymouth v. Davis,* 283 Ark. 172, 177, 671 S.W.2d 749 (1984). Defendant points to language in *Ray Dodge, Inc. v. Moore,* 251 Ark. 1036, 479 S.W.2d 518 (1972), which would seem to require a further showing than mere fraud before punitive damages may be awarded. In that case, the Supreme Court of Arkansas stated that *"[a]ccording to one test* a recovery of exemplary or punitive damages in an action based on a fraudulent sale, generally speaking, will be allowed only where the fraud is an aggravated one, as where it is malicious, deliberate, gross, or wanton." *Id.* at 1041, 479 S.W.2d 518. (Emphasis supplied.) But the court went on to hold that if there is "evidence tending to show that [defendant] intentionally performed a deliberate act with the intention of misleading a prospective purchaser about a material matter to his injury, it [is] proper to permit the jury to consider the award of exemplary or punitive damages." *Id.* at 1043, 479 S.W.2d 518. It is plain, then, that the actual holding of this case is that a showing of the common-law elements of fraud, *simpliciter* without evidence of aggravation, will allow the question of punitive damages to be submitted to the jury.

The Arkansas cases therefore contain no requirement that the fraud be committed with any particular purpose, much less one to cause damage, before exemplary damages can be assessed. It follows that the instruction given by the court did not correctly state the applicable law.

In the usual case, the court would grant a retrial on issues with respect to which it determined, after the verdict, that it had erroneously instructed the jury. But in this case, though the plaintiff objected to the instruction that was given, the instruction that plaintiff proferred was also erroneous, for it was appropriate only to negligence cases. *See Tandy Corp. v. Bone,* 283 Ark. 399, 678 S.W.2d 312 (1984). In such a case, the plaintiff, since he did not bring the correct law to the court's attention, will not be heard to complain. *See* Fed.R.Civ.P. 51; *Rowe International, Inc. v. J–B Enterprises, Inc.,* 647 F.2d 830 (8th Cir.1981); *Phenix Fed. Sav. & Loan v. Shearson Loeb Rhoades,* 856 F.2d 1125 (8th Cir.1988).

### III.

For the reasons stated, defendant's motion to set aside the punitive damage award will be granted.